UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DEBORAH D. BRYANT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-530-PRC |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Deborah D. Bryant on December 21, 2016, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17], filed by Plaintiff on May 5, 2017. Plaintiff requests that the July 27, 2015 decision of the Administrative Law Judge denying her claim for disability insurance benefits be reversed and remanded for further proceedings. On August 16, 2017, the Commissioner filed a response. Plaintiff filed a reply brief on September 5, 2017. For the following reasons, the Court grants Plaintiff's request for remand.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on August 29, 2013, alleging disability since March 20, 2009. The claim was denied initially and on reconsideration. On February 21, 2014, Plaintiff filed a written request for hearing. On April 6, 2015, Administrative Law Judge Joel G. Fina ("ALJ") held a hearing. In attendance at the hearing were Plaintiff, Plaintiff's attorney, an impartial medical expert, and an impartial vocational expert. On July 27, 2015, the ALJ issued a written decision denying benefits, making the following findings:

    1.    The claimant last met the insured status requirements of the Social Security Act on September 30, 2011.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of March 20, 2009 through her date last insured of September 30, 2011.

3. Through the date last insured, the claimant had the following severe impairments: bilateral plantar fasciitis, status post releases; left ankle arthritis, status post fracture; obesity; obstructive sleep apnea.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except lifting and carrying less than 20 pounds occasionally and 10 pounds frequently; standing and walking for approximately 6 hours in an 8 hour workday; sitting for approximately 6 hours in an 8 hour workday; no climbing ladders, ropes, or scaffolds; occasional climbing ramps or stairs, balancing, stooping, kneeling, crouching, crawling; and avoid concentrated exposure to uneven terrain.

6. Through the date last insured, the claimant was capable of performing past relevant work as a clothes sorter and day care worker. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from March 20, 2009, the alleged onset date, through September 30, 2011, the date last insured.

(AR 15-22).

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff filed this civil action pursuant to 42 U.S.C. § 405(g) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision

"without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from

4

engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. § 404.1520(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(I)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [her] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

**ANALYSIS**

Plaintiff argues that this matter must be remanded for further proceedings because the ALJ failed to explain how Plaintiff's RFC is supported by the evidence, improperly evaluated Plaintiff's credibility, did not discuss evidence from after Plaintiff's date last insured, and insufficiently considered Plaintiff's past relevant work. The Court addresses these arguments below.

**A. Back and Leg Pain**

Plaintiff argues that the ALJ erred in determining that Plaintiff could perform her past relevant work because the ALJ did not properly consider Plaintiff's allegations of pain and her statements of how this pain gave her postural limitations. Specifically, Plaintiff asserts that the ALJ failed to discuss why he did not incorporate Plaintiff's complaints of back and leg pain, inability to stand or walk for more than 15 to 20 minutes at a time, and inability to sit for more than 15 to 20 minutes at a time into Plaintiff's RFC.

The RFC is a measure of what an individual can do despite the limitations imposed by her impairments. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); 20 C.F.R. § 404.1545(a). The determination of a claimant's RFC is a legal decision rather than a medical one. 20 C.F.R. § 404.1527(e)(1); *Diaz*, 55 F.3d at 306 n.2. The RFC is an issue at steps four and five of the sequential evaluation process and must be supported by substantial evidence. SSR 96-8p, 1996 WL 374184, *3 (July 2, 1996); *Clifford*, 227 F.3d at 870. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion." SSR 96-8p, 1996 WL 374184 at *7.

"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing'

basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p at *1. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Id.* at *3. The relevant evidence includes medical history; medical signs and laboratory findings; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. In arriving at an RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id*.

In addressing Plaintiff's complaints of back and leg pain, the ALJ compared these complaints to the record, which he found to reveal few complaints of back pain prior to the date last insured and complaints of worsening back pain after the date last insured. The ALJ decided that "[w]hile the claimant may very well be experiencing the pain and limitations currently as testified, there is nothing to suggest this severity prior to the date last insured." (AR 20). The ALJ clarified that he found that the back and knee pain that Plaintiff experienced in 2011 are accommodated by the RFC of light work.

In looking at the medical evidence, a March 2010 medical record reports complaints of back pain. (AR 234). Approximately a year later, Plaintiff reported in March 2011 that she had persistent back pain, (AR 212), and that her low back and hip pain had been present for about six months, (AR 323). At that time, Plaintiff received a prescription for Vicodin for back pain. (AR 211). A list of medications appears to show that she was prescribed Vicodin as early as January 2006. (AR 481). The ALJ did not mention the Vicodin prescription in his decision.

Though the ALJ stated that nothing in the medical record suggested Plaintiff's alleged severity of back pain existed prior to her date last insured, a medical professional believed Plaintiff's back pain to be sufficiently severe to warrant prescription narcotic pain medication. The ALJ also did not include, either in his discussion of Plaintiff's complaints of back pain or elsewhere, Plaintiff's 2008 complaints of neck pain, which led to an examination of Plaintiff's cervical spine that revealed mild degenerative changes. (AR 287).

At the hearing, Plaintiff testified that before back surgery in 2015, she was able to walk for approximately 15 or 20 minutes at a time and to sit for approximately 15 or 20 minutes at a time. (AR 40, 43). Plaintiff testified that her back condition is about the same as it was in 2009. (AR 44). The ALJ did not address Plaintiff's testimony of being able to sit for only 15 or 20 minutes at a time, and he disregarded her testimony of being able to walk or stand for only 15 or 20 minutes because "there is nothing in the record to suggest that the back pain can be inferred back to prior to September 2011." (AR 21). As discussed above, however, Plaintiff was prescribed narcotic medication for back pain in March 2011. The ALJ did not address Plaintiff's testimony regarding the length of time that she was able to sit, though he mentioned Plaintiff's testimony that "her pain worsens if she sits a long time." (AR 17-18).

Regarding Plaintiff's allegations of back pain and the postural limitations resulting from that pain, the ALJ failed to consider all of the allegations and the relevant evidence from March 2011 of Plaintiff's prescription for narcotic pain medication for her back. Remand is required for a new RFC analysis, which should include discussion of Plaintiff's prescription(s) for narcotic pain medicine before the date last insured and of her allegations of postural limitations as a result of back pain. The ALJ is directed to consider whether Plaintiff needs the ability to sit or stand at will.

8

Plaintiff also argues that the medical expert's finding that Plaintiff can stand or walk for 6 hours in an 8 hour work day means that the medical expert opined that Plaintiff cannot work for more than 45 minutes at a time. This argument is without merit. In the testimony cited, the medical expert made no finding as to how long Plaintiff could stay in any particular posture.

## B. Credibility

Plaintiff argues that the ALJ erred in evaluating Plaintiff's subjective symptoms. As noted by Plaintiff, on March 28, 2016, Social Security Ruling 16-3p became effective and issued new guidance regarding the evaluation of a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms. *See* SSR 16-3p, 2016 WL 1237954 (Mar. 28, 2016). However, SSR 16-3p is not retroactive; therefore, the "credibility determination" in the ALJ's decision in this case is governed by the standard of SSR 96-7p. *See* Notices, Social Security Ruling 16-3p, 2017 WL 4790249 (Oct. 25, 2017) (clarifying that Social Security Ruling 16-3p only applies when ALJs "make determinations and decisions on or after March 28, 2016" and that Social Security Ruling 96-7p governs cases decided before that date).

In making a disability determination, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id.* The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;

> (7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3). "Because the ALJ is in the best position to determine a witness's truthfulness and forthrightness . . . a court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012) (quotation marks omitted) (quoting *Skarbek v Barnhart*, 390 F.3d 500, 504-05 (7th Cir. 2004)); *see also Prochaska*, 454 F.3d at 738. Nevertheless, "an ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (citing *Terry*, 580 F.3d at 477); SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2, 1996) ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").

Plaintiff notes that the ALJ used the "boilerplate" language that Plaintiff's subjective complaints were "not entirely credible for the reasons explained in this decision." *See* (AR 18); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010). Although this language itself is not meaningful, its use is not fatal if the ALJ goes on to provide a proper analysis of the evidence of record. *Moore v. Colvin*, 743 F.3d 1118, 1122 (7th Cir. 2014). Thus, the use of the boilerplate language alone is insufficient to mandate remand.

Plaintiff faults the ALJ for not addressing medications and their side effects, treatment for relief of pain or other symptoms, and how activities exacerbate Plaintiff's symptoms. The ALJ did not completely ignore Plaintiff's medications, though, as discussed above, the ALJ erred by not

10

considering Plaintiff's prescription for Vicodin due to back pain. The ALJ specifically mentioned Plaintiff's use of Voltaren, Spectazole, and Norco (AR 18, 20).

Plaintiff also asserts that the ALJ erred in assessing Plaintiff's subjective complaints of drowsiness. Plaintiff has been diagnosed with sleep apnea, has complained that Flexeril—which was prescribed to her—makes her very drowsy, and testified that she sleeps until around 1 p.m. Plaintiff also testified that she goes to bed around 2 a.m. or 3 a.m.

Because remand is necessary on other grounds and new regulations regarding allegations of subjective symptoms will apply on remand, a full analysis of the ALJ's credibility assessment is not warranted. When determining Plaintiff's RFC on remand, the ALJ is directed to consider the evidence regarding Plaintiff's drowsiness and fatigue.

### C. Evidence After Date Last Insured

Plaintiff does not challenge the ALJ's finding that Plaintiff's date last insured for disability insurance benefits was September 30, 2011. Therefore, in order to be entitled to disability insurance benefits, Plaintiff must show that she became disabled on or before that date. *See Shideler*, 688 F.3d at 311; 20 C.F.R. § 404.131.

Social Security Ruling (SSR) 83-20p provides "[i]n disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." 1982-1991 Soc. Sec. Rep. Serv. 49, 1983 WL 31249, at *2 (1983). The medical evidence "is the most important factor, and the chosen onset date must be consistent with it." *Henderson ex rel. Henderson v. Apfel*, 179 F.3d 507, 513 (7th Cir. 1999). "In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available." SSR 83-20p, 1983 WL 31249, at

11

*3. "In cases where there is no medical evidence as to the precise onset date, but where the disabling impairment seems to have occurred prior to the date of the first recorded medical examination, the ALJ 'should call on the services of a medical advisor' to help in making the necessary inferences." *Lichter v. Bowen*, 814 F.2d 430, 434 (7th Cir. 1987) (quoting SSR 83-20p, 1983 WL 31249, at *3). Here, the ALJ received such an opinion from Dr. Bernard Stevens, who testified at the administrative hearing.

Plaintiff contends that the ALJ wrongly excluded evidence that came into existence after the date last insured. Specifically, she argues that the ALJ erred by not considering later evidence of foot problems. The ALJ did not exclude all evidence after Plaintiff's date last insured. He specifically noted worsening bilateral foot pain in 2014. (AR 18-19).

Plaintiff cites evidence on pages 350 and 411 of the administrative record that she argues was impermissibly ignored. Page 350 of the administrative record, dated December 3, 2012, indicates decreased sensation in Plaintiff's left lateral foot and "worse" pain. Page 411 of the administrative record, dated June 12, 2013, reports that Plaintiff "complains of pain, numbness and tingling in her legs and feet for many years that has recently gotten worse" and that Plaintiff had abnormal electromyography results. (AR 411). Though the ALJ could have discussed this evidence, he did not need to. Plaintiff draws attention to the medical expert's testimony that he was uncertain whether Plaintiff had diabetic neuropathy prior to the date last insured, but Plaintiff ignores the expert's follow-up testimony, which is that the severity of Plaintiff's symptoms prior to her surgery could not be inferred back to before her date last insured because there is "not enough evidence to support something like that." (AR 55).

The ALJ noted Plaintiff's complaints of foot pain after her date last insured, referred to the medical expert's opinion that Plaintiff could perform a limited range of light work as of her date last insured, and agreed with the medical expert. The ALJ need not discuss every piece of evidence, *O'Connor-Spinner*, 627 F.3d at 618, and the Court will not nitpick the ALJ's decision, *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004).

### D. Requirements of Past Relevant Work

Finally, Plaintiff believes that the ALJ erred because "at no point during the testimony did the ALJ or vocational expert set forth the specific mental and physical requirements of a clothes sorter and day care worker." (Opening Br. 12, ECF No. 17). However, Plaintiff testified as to her previous work and the duties involved. Based on Plaintiff's testimony, the vocational expert classified Plaintiff's past relevant work and testified that a person with Plaintiff's RFC—as found by the ALJ in his decision—could perform Plaintiff's past work as customarily performed. The ALJ relied on the vocational expert's testimony in finding Plaintiff capable of her past relevant work. Unlike the case cited by Plaintiff, *Smith v. Barnhart*, the ALJ here did more than find that Plaintiff's past relevant work was classified at the same exertional level as her RFC. 388 F.3d 251, 252 (7th Cir. 2004). Plaintiff has not shown herself to be entitled to remand on this basis.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order.

So ORDERED this 13th day of March, 2018.

                                             s/ Paul R. Cherry
                                             MAGISTRATE JUDGE PAUL R. CHERRY
                                             UNITED STATES DISTRICT COURT